## NEW-YORK COMMON PLEAS.

### FIGANIERE agt. JACKSON.

In the marine court of New-York, the justice before whom a trial is had, with or without a jury, must, in every case, *give judgment;* and the clerk must docket the judgment, in conformity with the entry, or minute made by the justice.

And the party *appeals* from such judgment, to the general term of the marine court, as he would appeal from a judgment entered by direction of a single justice of the supreme court. The mode of procedure in both cases is the same.

And the general term of the marine court has all the powers, in reviewing the judgment, which the general term of the supreme court would have in such cases. (*See The People ex rel. Figaniere* agt. *Justices Marine Court, ante page* 400.)

Where the general term of the marine court ordered a new trial, unless the plaintiff should elect to reduce the amount of the judgment, which the plaintiff refused to do; and under a subsequent order of a justice of that court, the plaintiff was required to make such election, in writing, within three days, or that his *complaint be dismissed*, which, on plaintiff's refusal, was done.

*Held*, that the justice could not do that—he had no authority to dismiss the complaint. The proper way was, to have set the cause down *for trial*, in case the plaintiff did not elect to reduce the judgment.

*General Term, November,* 1855.

—— ——— *for motion.*
—— ——— *opposed.*

By the court—DALY, Judge. This is an application to vacate the transcript of a judgment entered up in the marine court.

The cause was tried in the court below, before a single justice and a jury ; and a verdict having been found for the plaintiff, judgment was entered up by the justice, in manner and form as prescribed by the statute. (1 *Rev. Laws of* 1813, *p.* 386, § 123.) From this judgment the defendant appealed to the general term of the marine court, and the general term ordered a new trial, unless the plaintiff should elect to reduce the amount of the judgment. This the plaintiff refused to do. Whereupon one of the justices made an order that the plaintiff make the election, in writing, under the order of the general term, and serve notice thereof upon the defendant within three days after service of notice of the order, which the plaintiff having omitted to do, his complaint was dismissed.

It is insisted that no appeal lay to the general term in the case, and that the order made by it, granting a new trial, with the proceedings subsequent thereto, were void, and that the judgment still remains in full force and effect.

It is claimed that the general term have no power under the act of 1853 (*Laws of* 1853, *p.* 165,) to review anything but the decision of a single justice opening a default; but it has been repeatedly held upon motions in this court that such is not the construction of the statute—but that an appeal lies from any judgment rendered by a single justice. An appeal lies, in the language of the statute, from a judgment entered upon the direction of a single justice, " to the general term," in the same manner, and with the like effect, as appeals in the supreme court from a decision by a single judge " to the general term."

The meaning of this is very plain. In the supreme court a judgment may be entered upon the decision of a single justice, without a jury, from which an appeal lies directly to the general term, (§ 348,) and when the trial is by a jury, the clerk enters the judgment in conformity with the verdict, unless a different direction is given by the court. (§ 264.) But the statutes organizing the marine court give the clerk no power to enter judgment in conformity with the verdict of the jury. He is authorized to docket or register judgment, but the court must

give judgment. (2 *Rev. Laws*, *p*. 383, § 110, *pp*. 387, 123.) The justice before whom the trial is had, with or without a jury, must, in every case, give judgment, and the clerk must docket the judgment in conformity with the entry or minute made by the justice. As every judgment in the marine court is entered upon the direction of the justice who tries the cause, the provision of the statute of 1853, that appeals are to be brought in the same manner, and with the like effect as appeals in the supreme court from the decision of a single justice to the general term, is plain or obvious.

The party appeals from the judgment entered by direction of the justice of the marine court as he would appeal from a judgment entered by direction of a single justice of the supreme court. The mode of procedure in both cases is the same, and as an appeal in the marine court is to have the like effect, the general term of that court has all the powers in reviewing the judgment which the general term of the supreme court would have in the case pointed out. They may order a new trial, or, as respects the appeal and in every stage of it, do whatever the supreme court might do in any case of an appeal from the decision of a single judge of the court to the general term.

The order of the general term was defective in not pointing out within what time the plaintiff should elect. But no time having been named, it was competent, as it would have been in the supreme court, for a single justice to make an order that the plaintiff should elect within a reasonable time, and if he failed to do so, to order that the cause be set down for trial, when, if the plaintiff failed to appear and prosecute the case, judgment of default might have been rendered against him. This, it appears, was not done, but the justice dismissed the complaint upon the plaintiff's refusing to elect. This he had no authority to do. The extent of the decision of the general term was to order a new trial if the plaintiff would not consent to reduce the amount of the judgment. The general term did not order that the complaint should be dismissed if the plaintiff failed to elect whether he would have a new trial or reduce the judgment; but that the judgment should be reversed, if he did

not consent to reduce it to $250, and a new trial ordered. Under that decision, though the plaintiff refused to elect, he was still entitled to have the cause tried over again; of which, it appears, he was deprived by the justice dismissing his complaint, because he refused to elect whether or not he would reduce the amount of the judgment. This, however, does not affect this motion. The cause is yet pending and undetermined, and this motion vacating the transcript of the judgment must be granted.